Andrew STIGALL, Appellant,

v.

Dale MADDEN, Individually and in his Official Capacity; Larry Morris, Individually and in his Official Capacity as Monroe County Sheriff; Jimmy Burrows, Law Enforcement Officer in his Official Capacity; George Bethell, Law Enforcement Officer in his Official Capacity, Appellees.

No. 93–3033.

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1994.

Decided June 17, 1994.

L.T. Simes II, West Helena, AR, argued, for appellant.

Ralph Ohm, Hot Springs, AR, argued, (David White, Hot Springs, AR and Duncan Rainwater, Little Rock, AR on the brief), for appellee.

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Roy O. Young, Jr. was murdered at a liquor store near Brinkley, Arkansas, and his car was later discovered burning in a roadside park in St. Francis County, Arkansas. Appellee Jimmy Burrow, a Monroe County Sheriff's deputy, signed an affidavit for an arrest warrant to be issued for Andrew Stigall, which was issued by a Monroe County Circuit Judge. Mr. Burrow executed the warrant. Mr. Stigall was charged with capital murder, and incarcerated in the Monroe County Jail. He was transported to the Prairie County Jail the next day, where he remained for over two weeks. After an appearance in Monroe County Circuit Court, he was returned to the Monroe County Jail, where he remained awaiting trial. He was released ten months later when the state prosecutor requested and received an order for Nolle Prosequi.

Upon his release, Mr. Stigall brought this action under 42 U.S.C. § 1983 against Monroe County officials in their official capacities for transferring him between prisons in violation of his constitutional right to due process and for arresting him without probable cause. The district court[1] granted the defendants' motion for summary judgment in part. The remaining claims went to trial, but with respect to them the district court granted the defendants' motion for judgment as a matter of law, and Mr. Stigall now appeals.

I.

■ Mr. Stigall contends that Arkansas law creates a right in detainees to be free from transfer between prisons within the state but not within the same judicial district in which they are first detained. He further contends that when the appellees transferred him to a jail outside the judicial district in which he was detained, they violated his rights under the due process clause of the Fourteenth Amendment. The relevant statute in this case, Ark.Code Ann., § 12–41–509(a)(1), provides that:

> The sheriff of any county in this state, where there is no jail or the jail of the county is insufficient, may commit any person in his custody ... to the nearest jail in the same judicial district.

It is not disputed that Mr. Stigall was transported to a jail in a judicial district other than that in which he was held.

It is true that "a State may create a liberty interest protected by the Due Process Clause through its enactment of certain statutory or regulatory measures." *Hewitt v. Helms,* 459 U.S. 460, 469, 103 S.Ct. 864, 870, 74 L.Ed.2d

---

1. The Honorable Stephen M. Reasoner, Judge, United States District Court for the Eastern District of Arkansas.

675 (1983). We have, however, already passed on the question of whether Arkansas Code § 12–41–509(a)(1) creates such an interest. In *Ervin v. Busby,* 992 F.2d 147 (8th Cir.1993), an Arkansas detainee charged a county sheriff with violation of his protected liberty interest under the Fourteenth Amendment when he was transferred to a jail outside of the judicial district in which he was originally detained. We held that the section 12–41–509(a)(1) did not create a protectable liberty interest in prisoners to remain free from transfer outside the judicial district in which they were detained. *Id.* at 150. We reasoned that because the statute contained no mandatory language limiting the discretion of prison officials, no right to be free from transfer arose from it. *Id.*

The transfer of which Mr. Stigall complains is in all relevant respects identical to the one involved in *Ervin* and we therefore reject the claim.

## II.

 Mr. Stigall also contends that his Fourth Amendment rights were violated because he was arrested without probable cause. The warrant itself, however, shields Mr. Burrow from liability for executing it, unless a reasonably well-trained officer would have known that the arrest was illegal despite the magistrate's authorization. *See U.S. v. Leon,* 468 U.S. 897, 922 n. 23, 104 S.Ct. 3405, 3420 n. 3, 82 L.Ed.2d 677 (1984). Mr. Stigall also alleges, however, that his alibi evidence, considered with the belief of two other law enforcement officials that another man had committed the murder (all of which Mr. Burrow knew), should have been sufficient to demonstrate to Mr. Burrow that he was not guilty of the crime. We do not believe that this is evidence from which a factfinder could have found for the plaintiff. The question in a case like this is "whether a reasonably well-trained officer in [this officer's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs,* 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1985). The information on which Mr. Burrow acted was not inherently unreliable, nor was it obviously less credible than the evidence opposed to it. There was, therefore, nothing objectively unreasonable about believing it. We offer the observation that officers must frequently make credibility determinations in deciding whom to arrest, and imposing liability in circumstances like the ones present here would hamstring law enforcement efforts to a degree not only unfair to the individual officer but grossly destructive of the public welfare.

We conclude, therefore, that the district court correctly granted the motion for judgment as a matter of law.

## III.

For the foregoing reasons, we affirm the judgment of the district court.